Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Cynthia Soffner

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **CYNTHIA SOFFNER,** an individual<br><br>Plaintiff<br><br>v.<br><br>**STATE ACCIDENT INSURANCE FUND CORPORATION, DBA SAIF**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>(AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.;* ORS 659A.112; THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615; ORS 659A.183)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

This action is brought on behalf of Plaintiff Cynthia Soffner for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 and ORS 659A.112, and the Family and Medical Leave Act, 29 U.S.C. § 2615 and ORS 659A.183.

///

///

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 29 U.S.C. § 216(b), 42 U.S.C. § 12117, and 29 U.S.C. § 2617.  This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Marion County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 12205, Fed. R. Civ. P. 54(d), and ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Cynthia Soffner ("Ms. Soffner") is a citizen of Oregon and a resident of Jackson County.  Ms. Soffner was employed by Defendant ("Defendant" or "SAIF") as Field Premium Auditor 2 from April 15th, 2019 until SAIF discharged her on March 17, 2022.  Ms. Soffner is a veteran.

6.

At all times material to this Complaint, Ms. Soffner was an individual with a disability, within the meaning of 42 U.S.C. § 12102(1)(A), because she suffered from a physical impairment that substantially limited her ability to concentrate and think.  Moreover, she was a qualified individual with a disability, within the meaning of 42 U.S.C. 12111(8),  because she was able to perform the essential functions of her job, with or without reasonable

accommodation.  Ms. Soffner was also an individual with a disability within the meaning of 42 U.S.C § 12102(1)(C) because she was regarded as having a physical impairment, and 42 U.S.C. § 12102(1)(B) because she had a record of physical impairment.  Ms. Soffner was also an eligible employee under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2611(2) because SAIF employed her at least 12 months as of the date that she inquired about leave and was employed at least 1250 hours during the 12-month period immediately preceding the time that she inquired about taking FMLA leave.  For the reasons stated above, Ms. Soffner was a "qualified individual with a disability," as that term is used in ORS 659A.104 and ORS 659A.115. Ms. Soffner was an "eligible employee" under ORS 659A.156.

7.

SAIF is an Oregon corporation that was Ms. Soffner's "employer," within the meaning of 42 U.S.C. § 12111 because it employed 15 or more  employees for each working day during each of 20 or more calendar workweeks in the calendar year of and previous to the events described in this Complaint.  SAIF was also an employer subject to the requirements of the Family and Medical Leave Act, as defined by 29 U.S.C. § 2611(4)(a)  because it employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year to the events described in this Complaint.   SAIF was also Ms. Soffner's "employer," within the meaning of ORS 659A.106 and ORS 659A.153. **[**

## FACTUAL ALLEGATIONS

8.

SAIF is a workers' compensation insurance company.   SAIF hired Ms. Soffner on April 15th, 2019 as a Field Premium Auditor 2.

9.

Ms. Soffner took FMLA leave to treat her disability from October 21st, 2021 to January 3rd, 2022. In December 2021, Ms. Soffner submitted documents to Defendant from her therapist stating that Ms. Soffner could be released to full-time status in January with the stipulation that her workload be reduced to accommodate her disability and to allow for her to attend treatment appointments as needed.

10.

In December 2021, Ms. Soffner spoke with her supervisor, Ann Williams, and requested a reduction in her inventory to accommodate her disability. Manager Williams stated that she could not reduce Ms. Soffner's inventory, but that she should speak with the Human Resources Department. Manager Williams did not offer to engage in the interactive process, as required by 29 C.F.R. § 1630.2(o)(3). Manager Williams was promoted to a different position in January 2022.

11.

Ms. Soffner contacted Stephanie Williams and Jennifer Butler from the Human Resources Department and explained that she wanted to reduce her inventory as her therapist requested and as reflected in the FMLA request Ms. Soffner had submitted. They told Ms. Soffner that she would have to reduce her hours, but did not otherwise offer to engage in the interactive process. Ms. Soffner communicated with Stephanie Williams throughout January and February 2022 about the status of her FMLA paperwork, which the Department of Veterans Affairs had not yet provided to her.

12.

On March 10th, 2022, Ms. Soffner's new supervisor, Jessica Matsche, called her into a meeting, through the software program Teams. Ms. Matsche said that she was going to be away

from the office for several weeks, and told Ms. Soffner that she wanted to touch base before she left. Ms. Soffner was surprised to see that Human Resources Director Alisha Scheidemantel was also present at the meeting. Ms. Soffner started to suffer symptoms of her disability, told them as much, and asked if she could briefly step away. They refused.

13.

Five minutes after the meeting, Ms. Soffner received an email "accepting [her] resignation." When Ms. Soffner responded by saying that she had not resigned, Respondent ignored her response. Over the next seven days, Ms. Soffner continued to communicate with Defendant's Human Resources employees to inquire about the status of her employment, and to reiterate that she had not resigned. Defendant's employees told her Ms. Soffner that her accommodation request was "under review." On March 17th, 2022, Defendant sent Ms. Soffner a letter terminating her employment.

14.

On April 13, 2022, Ms. Soffner filed a complaint of discrimination in violation ORS 659A.112 and ORS 659A.183 with the Oregon Bureau of Labor and Industries ("BOLI"). That complaint was co-filed for violation of the Americans with Disabilities Act with the Equal Employment Opportunity Commission ("EEOC"). Ms. Soffner withdrew her complaint from BOLI on July 26, 2022 in order to pursue her claims civilly. She request the right to sue from both BOLI and the EEOC. The EEOC closed its investigation and issued a Right-to-Sue Notice on August 26, 2022 to expire 90 days thereafter. This action is timely filed within that timeframe.

///

## FIRST CLAIM FOR RELIEF
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112

15.

Ms. Soffner re-alleges paragraphs 1 through 14.

16.

SAIF discriminated against Ms. Soffner, in violation of 42 U.S.C. § 12112, by firing her because she was an individual with a disability.

17.

Ms. Soffner seeks economic damages, including, but not limited to, lost wages and front pay to compensate her for the losses she has and will have suffered as a result of Defendant's discrimination in violation of 42 U.S.C. § 12112 in an amount to be proven at trial.

18.

Ms. Soffner has suffered non-economic damages, including emotional distress and humiliation as a result of SAIF's violations of the Americans with Disabilities Act. These damages are continuing.  Ms. Soffner is entitled to recover payment for these damages in an amount to be determined by the jury but not to exceed $500,000.

19.

Ms. Soffner is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205.  Ms. Soffner is entitled to pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF – ORS 659A.112

20.

Ms. Soffner realleges paragraphs 1 through 14.

21.

SAIF discriminated against Ms. Mote, in violation of ORS 659A.112, by firing her on the basis of her disability.

22.

Ms. Soffner seeks front pay, backpay, compensatory damages for the emotional distress she suffered as a result of Defendant's discrimination in violation of ORS 659A.112 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

### **THIRD CLAIM FOR RELIEF – FMLA, 29 U.S.C. § 2615(a)(1)**

23.

Ms. Soffner realleges paragraphs 1 through 14.

24.

SAIF interfered with Ms. Soffner's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by firing her because she requested to take medical leave protected by the FMLA.

25.

Ms. Soffner seeks all damages provided by 29 U.S.C. § 2617, including, but not limited to, lost wages, front pay, and liquidated damages in an amount to be proven at trial she suffered as a result of SAIF's violation of 29 U.S.C. § 2615(a)(1). Ms. Soffner also seeks reimbursement of her reasonable attorney's fees and costs of this action, pursuant to 29 U.S.C. § 2617.

### **FOURTH CLAIM FOR RELIEF –  ORS 659A.183**

26.

Ms. Soffner realleges paragraphs 1 through 14.

27.

SAIF violated ORS 659A.183 by firing Ms. Soffner because she sought to take medical leave protected by the Oregon Family Leave Act ("OFLA").

28.

Ms. Soffner seeks reimbursement of economic damages she suffered as a result of SAIF's termination of her in violation of ORS 659A.183 in an amount to be determined at trial.

29.

Ms. Soffner is entitled to reasonable attorney fees and costs of this action, pursuant to ORS 659A.885.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Ms. Soffner hereby demands a trial by jury as to all issues.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Ms. Soffner prays for the following relief against SAIF:

For First and Second Claims for Relief:

a. Front pay in an amount to be determined by the Court because reinstatement is not practicable;

b. Past lost earnings and benefits of employment in an amount to be proven at trial;

c. Compensatory damages in an amount to be proven at trial;

d. Costs in this action, including her reasonable attorneys fees, costs, and expert witness fees;

e. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

f. Such other and further relief as the Court deems just and proper.

For Third Claim for Relief:

a. Front pay in an amount to be determined by the Court because reinstatement is not practicable;

b. Past lost earnings and benefits of employment in an amount to be proven at trial;

c. Liquidated damages in an amount equal to her economic damages to be proven at trial;

d. Interest on her damages;

e. Reasonable attorney fees and costs of this action;

f. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

g. Such other and further relief as the Court deems just and proper.

For Fourth Claim for Relief:

a. Front pay in an amount to be determined by the Court because reinstatement is not practicable;

b. Past lost earnings and benefits of employment in an amount to be proven at trial;

c. Interest on her damages;

d. Reasonable attorney fees and costs of this action;

e. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

f. Such other and further relief as the Court deems just and proper.

DATED this October 20, 2022

    s/ *Andrew Lewinter*
    Andrew Lewinter OSB # 080031